1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10

DYLON DYKSTRA, individually and on
behalf of all others similarly situated,

NO.

11

                        Plaintiff,

**NOTICE OF REMOVAL OF CIVIL
ACTION**

12

        vs.

13
14
15

THE SHIELD CO MANAGEMENT, LLC
DBA ECOSHIELD MANAGEMENT CO,
LLC, an Arizona limited liability
corporation; and DOES 1-20,

King County Superior Court
Case No. 24-2-05701-3 KNT

16

                        Defendants.

17
18
19
20
21
22
23
24

        Defendant The Shield Co. Management, LLC dba Ecoshield Management Co., LLC
("Ecoshield" or "Defendant"), by and through its undersigned counsel, hereby gives notice of
removal of the above-referenced action from the Superior Court of Washington for King
County. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity) and
§ 1441 (a) and (b). It is timely under 28 U.S.C. § 1446. This Notice and Petition for Removal
is supported by the accompanying Declarations of Matthew J. Macario ("Macario Dec.") and
Jason Jonas ("Jonas Dec.") in Support of Removal.

25
26
27

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

# I.    **BACKGROUND**

On March 14, 2024, Plaintiff Dylon Dykstra, on behalf of himself and all others similarly situated, initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint with that Court. The Complaint sets forth one cause of action against Defendant, premised on Defendant's alleged requirement to enter into noncompetition covenants as a condition of employment in violation of RCW 49.62.070. The Complaint is styled as a class action and asserts allegation on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as Exhibit ("Ex.") 1.  A true and correct copy of the Summons is attached as Ex. 2. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as Ex. 3.

On March 14, 2024, the King County Superior Court issued an Order Setting Civil Case Schedule. A true and copy of the same is attached as Ex. 4.

On March 15, 2024, Plaintiff served a copy of the Summons, Complaint, Case Information Cover Sheet, and Order Setting Case Schedule on Defendant. A true and copy of the service of process receipt is attached as Ex. 5.

On April 1, 2024, Defendant appeared through its counsel in the action in King County Superior Court. A true and correct copy of Defense Counsel's Notice of Appearance is attached as Ex. 6.

By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case will be removed, and serve these documents on Plaintiff.

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.    <u>REMOVAL IS TIMELY</u>

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filing this Notice and Petition for Removal within thirty days after the Complaint was served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). The Defendant first received a copy of the Complaint when it was filed on March 14, 2024 and served on March 15, 2024. Accordingly, this Notice and Petition for Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b).

## III.    <u>VENUE IS PROPER</u>

Venue is proper in the Western District of Washington at Seattle pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this claim occurred within this judicial district, and this Court is the United States District Court for the district and division in which the action is currently pending. *See* 28 U.S.C. § 1441(a). Pursuant to LCR 3(d), Plaintiff's claim arose, and a substantial part of the alleged events or omissions that give rise to the claim occurred, in this judicial district. Plaintiff is a citizen of the State of Washington. Defendant Ecoshield is a citizen of the State of Arizona. Venue is therefore proper.

## IV.    <u>SUBJECT MATTER JURISDICTION EXISTS</u>

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) because it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy.

**A.    Section 1332(a)(1) – Diversity Jurisdiction Exists**

There is complete diversity of citizenship between the named Plaintiff and Defendant. Here, Defendant is an Arizona corporation with its primary office located at 275 E. Rivulon Blvd, Ste. 106, Gilbert, AZ, 85297. Defendant's high-level officers all work, direct, control, and coordinate activities out of this Arizona office. Declaration of Jason Jonas in Support of Notice of Removal ("Jonas Dec."), ¶¶ 3-4. Defendant's owners/members are residents of

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

Arizona. Jonas Dec., ¶¶ 3-5. In Plaintiff's Complaint, he confirmed he lives and works in Washington. Complaint, ¶ 5. Because Plaintiff and Defendants are citizens of different states, complete diversity exists here.

### 1.    Plaintiff's Citizenship

According to Plaintiff's Complaint, he is a "resident of Pierce County, Washington." Complaint ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Therefore, Plaintiff's own assertions in the Complaint show that he is both a resident, citizen of, and domiciled in, Washington State.

### 2.    Defendant's Citizenship

Defendant Ecoshield is organized and registered under the laws of Arizona. Jonas Dec. at ¶ 3. For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is owned by Doug Cardon and Greg Nygren, its co-founders and co-CEOs, both Arizona residents. Jonas Dec. at ¶¶ 3-4. Defendant Ecoshield is therefore a citizen of Arizona for the purposes of diversity jurisdiction.

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

Moreover, under the "nerve center" test applicable to corporate entities, Defendant Ecoshield would still be a citizen of Arizona. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *Id.* at 93, which is the corporation's "nerve center." *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93; *see also Starr Indemnity & Liability Co. v. Rolls-Royce Corp.*, 725 Fed. Appx. 592, 593-94 (9th Cir. 2018) (unpublished) (corporation's "nerve center" was the "center of *overall* direction, control, and coordination" of the business). Here, Defendant maintains its central office in Gilbert, Arizona. Defendant's high-level officers work, direct, control, and coordinate activities in Arizona. Jonas Dec. at ¶¶ 3-5. Its citizenship is therefore also in Arizona for the purposes of diversity jurisdiction under the "nerve center" test.

3.    *The $75,000 Amount-in-Controversy is Met.*

For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales,* 840 F.3d.

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

at 648-69. *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy).

A defendant is entitled to rely on reasonable assumptions surrounding plaintiff's alleged claims, including the potential attorney fees awarded under fee shifting statutes. *Gonzales,* 840 F.3d. at 648-69. Further, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, the statutory damages alone easily exceed $75,000. Specifically, Plaintiff seeks statutory damages, injunctive and declaratory relief, and attorney fees as set out in the remedies sections of RCW 49.62.070 and 49.62.080. Complaint ¶¶ 33-37. Plaintiff seeks relief for:

> All current and former Washington employees of The Shield Co Management, LLC dba Ecoshield Management Co, LLC who, between March 14th, 2021 and the date notice is provided to the Class, entered into a noncompetition covenant, and earned less than $27.38 per hour in 2021, $28.98 per hour in 2022, $31.48 per hour in 2023, and/or $32.56 per hour in 2024.

*Id.* at ¶ 22. For the purposes of removal, Defendant has submitted evidence that approximately 263 individuals worked for Defendant from March 14, 2021 to March 14, 2024 and who acknowledged receipt of Defendant's Employee Handbook, which Plaintiff claims contains certain noncompetition covenants, earning less than the statutory salary in RCW 49.62.070.[1] Jones Dec. at ¶ 6. Based on Plaintiff's Complaint seeking $5,000 for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement. *See* Complaint ¶ 34.

---

[1] Expressly excluded from the putative class are "Defendant's officers, directors, and independent contractors." *See* Complaint ¶ 23. The definition also excludes "any judge to whom this case is assigned, as well as his or her staff and immediate family." *Id.*

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 50171912.6

1   Moreover, if this case proceeded to trial, Plaintiff's recoverable attorney fees would also

2   easily exceed $75,000, even without consideration of the cost of complying with the injunction

3   or any damages awarded. It is a reasonable estimate that the number of attorney hours to even

4   just litigate this case to summary judgment (*e.g.*, investigate and prepare a complaint, complete

5   written discovery, respond to discovery, complete at least two depositions, prepare a summary

6   judgment motion or oppose the same) will total at least 100 hours of work. A recent declaration

7   submitted by Plaintiff's lead counsel indicates he has an hourly rate of a $725 per hour; thus,

8   the $75,000 amount-in-controversy will be reached after a mere 104 hours of attorney work

9   (not including hours billed by other attorneys, paralegals, and support staff) and costs.

10  Declaration of Matthew Macario in Support of Removal ("Macario Dec."), ¶ 2, Ex. 1.

### B.    NOTICE OF REMOVAL TO STATE COURT

12  In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of

13  this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel

14  and filed with the Clerk of the King County Superior Court. Therefore, all procedural

15  requirements under 28 U.S.C. § 1446 will be followed and satisfied.

### C.    CONCLUSION

17  Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of

18  citizenship between the Plaintiff and Defendant and at least $75,000 amount in controversy.

19  Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and

20  1446, and Defendant has properly removed this action to this Court. Defendant reserves, and

21  does not waive, any objections they may have to jurisdiction, venue, and any and all other

22  defenses or objections.

24  DATED this 11th day of April, 2024.

25  By s/Matthew J. Macario
    Matthew J. Macario, WSBA #26522

26  By s/Sieu K. Che

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Sieu K. Che, WSBA #40422

Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone:  206-682-2308
Facsimile: 206-682-7908
Email: mmacario@fisherphillips.com
Email: sche@fisherphillips.com
*Attorneys for Defendant*

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 8

FP 50171912.6

1

**CERTIFICATE OF SERVICE**

2      I hereby certify under the penalty of perjury of the laws of the United States that on the

3   date below written, I electronically filed the foregoing with the Clerk of the Court using the

4   CM/ECF system and caused to be served a true and correct copy of same by the method

5   indicated below and addressed as follows:

6      Timothy W. Emery, WSBA No. 34078
       Patrick B. Reddy, WSBA No. 34092
7      Paul Cipriani, WSBA No. 59991
       Emery Reddy, PLLC
8      600 Stewart Street, Suite 1100
       Seattle, WA 98101
9      Email: emeryt@emeryreddy.com
       Email: reddyp@emeryreddy.com
10     Email: paul@emeryreddy.com
       *Attorneys for Plaintiff*
11

12

13      DATED this 11th day of April, 2024, at Seattle, Washington.

14

15                                s/Tammy Weisser
                                  Tammy Weisser, Legal Secretary
16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL OF
CIVIL ACTION -Page 9

FP 50171912.6