UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLON DYKSTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE SHIELD CO MANAGEMENT, LLC, an Arizona limited liability company, d/b/a Ecoshield Management Co, LLC; and DOES 1-20,<br><br>Defendants. | CASE NO. 2:24-cv-00492-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on its own motion. Having reviewed the Notice of Removal (Dkt. No. 1) filed by Defendant The Shield Co. Management, LLC dba Ecoshield Management Co., LLC ("Defendant"), Plaintiff Dylon Dykstra's underlying complaint (Dkt. No. 1-1), and Defendant's answer (Dkt. No. 5), and not being satisfied that it has subject-matter jurisdiction over this action, the Court ORDERS Defendant to show cause why this action should not be remanded to state court.

ORDER TO SHOW CAUSE – 1

Defendant removed this case from King County Superior Court to the United States District Court on April 4, 2024. Dkt. No. 1 (Notice of Removal). Plaintiff did not move to remand. The case proceeded in front of the Honorable Marsha J. Pechman until it was assigned to this Court on October 17, 2025. Dkt. No. 23. On reviewing the case history, the Court has become concerned that it may lack subject matter jurisdiction over this action and seeks further information on the basis for jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (Courts have "an independent obligation to determine whether subject-matter jurisdiction exists.").

Federal district courts are courts of limited jurisdiction. *E.g.*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). For a legal action to proceed, the Court must have subject matter jurisdiction over the action. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a removed action, "the case shall be remanded." 28 U.S.C § 1447(c). In its notice of removal, Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to "28 U.S.C. § 1332(a) (diversity)."[1] Dkt. No. 1 at 1. For there to be diversity jurisdiction (which would provide the Court with subject matter jurisdiction), the amount in controversy must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a).

"The federal courts have long accepted the general rule that multiple plaintiffs who join together in a single lawsuit to enforce their rights as individuals may not aggregate their claims to satisfy a jurisdictional threshold for the amount in controversy." *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013). The anti-aggregation rule applies to

---

[1] While the removal notice asserts that "Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d)," it does not allege facts—for example, an amount in controversy over $5,000,000—that would support jurisdiction under CAFA (that is, the Class Action Fairness Act). Dkt. No. 1 at 3; *see* 28 U.S.C. § 1332(d)(2). Indeed, in the conclusion of Defendant's notice of removal, it only assert "[s]ubject matter jurisdiction exists under 28 U.S.C. § 1332(a)" with no mention of CAFA. Dkt. No. 1 at 7.

ORDER TO SHOW CAUSE – 2

class actions removed on the basis of diversity under 28 U.S.C. § 1332(a), meaning that the separate claims of putative class members cannot be aggregated to meet the threshold. *See Snyder v. Harris,* 394 U.S. 332, 335–36, (1969). Rather, at least one named plaintiff must independently meet the $75,000 threshold. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). While "Congress explicitly endorsed aggregation of class members' claims when assessing whether the amount in controversy exceeds $5 million" for jurisdiction under the Class Action Fairness Act ("CAFA"), "[t]he anti-aggregation rule continues to apply to diversity class actions, where jurisdiction is founded on 28 U.S.C. § 1332(a)." *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159 (C.D. Cal. 2013), citing *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). In a diversity class action,

> the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they unite to enforce a single title or right in which they have a common and undivided interest. To determine the character of that interest, courts look to the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct.

*Urbino*, 726 F.3d at 1122 (citation modified). Further, "[o]nly where the claims can strictly be asserted by pluralistic entities as such, or, stated differently, the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally, will a common and undivided interest exist." *Id.* (citation modified). Here, if Plaintiffs are successful, the obligation will be owed to the individuals severally, not as a group, and therefore, it appears that their claims cannot be aggregated to assess the amount in controversy.

Attorney fees may be considered as part of the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) However, whether attorney fees are assigned to the class representative(s) or distributed pro rata among class

ORDER TO SHOW CAUSE – 3

members depends on the language of the statute providing for recovery of such fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001).

Plaintiffs in this action seek "[c]osts and reasonable attorneys' fees pursuant to RCW 49.62.080." Dkt. No 1-1 ¶ 35. Because this statute allows a court to award fees and costs to any "aggrieved person" eligible to recover damages, rather than to a class representative, RCW 49.62.080(2), it appears—unless and until Defendant can demonstrate otherwise—that any attorney fees in this action would be awarded to all class members on a pro rata basis. In such case, only Plaintiff's pro rata share can be used to meet the jurisdictional minimum.

Under this governing legal framework, the current filings do not provide an adequate basis for diversity jurisdiction. Defendant's removal notice relies on a sum of the claims of *all* putative class members to reach $75,000, and does not show that Plaintiff's claims can satisfy the jurisdictional threshold on their own:

> Here, the statutory damages alone easily exceed $75,000. . . . For the purposes of removal, Defendant has submitted evidence that approximately 263 individuals [may be class members]. Based on Plaintiff's Complaint seeking $5,000 for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement. . . . Moreover, if this case proceeded to trial, Plaintiff's recoverable attorney fees would also easily exceed $75,000 . . . .

Dkt. No. 1 at 6–7.

As "the party asserting diversity jurisdiction," Defendant bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The operative notice does not contain sufficient allegations to meet Defendant's burden to establish diversity jurisdiction at the pleading stage. In its response to this Order, Defendant must address whether it can cure this defect by amending its notice of removal or providing other evidence to sufficiently allege either (a) a sufficient amount in controversy ascribable *solely* to the named Plaintiff, or (b) another basis for this

ORDER TO SHOW CAUSE – 4

Court's subject matter jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Accordingly, the Court ORDERS Defendant to respond within **thirty (30) days** and show cause why this case should not be remanded to state court for lack of jurisdiction.

Dated this 13th day of November, 2025.

Tana Lin
United States District Judge